UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRYL J. WALTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:15-CV-1206 NAB |
| | ) |
| SCOTT LAWRENCE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This action is before the Court on Petitioner Darryl J. Walton's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] Respondent Scott Lawrence filed a response to the original Petition for Writ of Habeas Corpus. [Doc. 8.] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [Doc. 11.] For the reasons set forth below, Walton's Petition for Writ of Habeas Corpus will be denied.

**I.     Background**

After a jury trial, Walton was convicted of two counts of selling a controlled substance and one count of trafficking drugs in the second degree. (Resp't Ex. D at 51-54.) The following evidence, in the light most favorable to the verdict, was presented at trial. On November 15, 2010, detectives James Stagge, Terron Murphy, Milton Green, and Eric Bartlett observed the Petitioner engage in what appeared to be two hand-to-hand transactions at a gas station parking lot. (Resp't Ex. A at 248, 272-73, 275-76, 286-87, 300-301.) Both times Walton appeared to

hand something from his pocket to individuals through car windows, and receive something in return. (Resp't Ex. A at 248, 272-73, 275-76, 286-87, 300-301.)

Following the perceived exchanges, Detective Stagge arrested Walton and advised him of his rights. (Resp't Ex. A at 251-52.) During a search incident to the arrest, Walton was found with 0.01 grams of heroin on his person, folded inside a $20.00 bill. (Resp't Ex. A at 252, 326.) Later, when Walton was assisted out of the police vehicle, following transportation to the station, Detective Barlett saw a plastic baggie containing 2.07 grams of cocaine base fall out of Walton's pants leg. (Resp't Ex. A at 304–05, 308, 327.)

Walton chose not to testify during the trial (Resp't Ex. A at 339-41) and was convicted of two counts of felony distribution of a controlled substance and one count trafficking in the second degree. (Resp't Ex. D at 53–57.) Walton was sentenced as a prior and persistent drug offender to three concurrent terms of twelve years imprisonment without the possibility of parole. *Id.*

After sentencing, Walton filed a direct appeal alleging two trial court errors, alleging the court erred by overruling his objection to the prosecutor's peremptory strike of two potential jury members, both African American. (Resp't Ex. B.) The Missouri Court of Appeals affirmed the judgment of the trial court, holding both strikes could be sustained on valid, non-racial grounds. (Resp't Ex. E.) Walton then filed an Amended Motion to Vacate, Correct, or Set Aside his sentence pursuant to Missouri Supreme Court Rule 29.15. (Resp't Ex. F at 13-22.) After an evidentiary hearing, the post-conviction motion court denied Walton's Rule 29.15 motion. (Resp't Ex. F at 23-31, Ex. G). Walton appealed the denial of his Rule 29.15 post-conviction motion to the Missouri Court of Appeals. (Resp't Ex. H) The Missouri Court of Appeals affirmed the denial of the Rule 29.15 motion. (Resp't Ex. J). Walton then filed his Petition for

Writ of Habeas Corpus in this court on August 6, 2015. [Doc 1.] The Respondent filed a response in opposition. [Doc 8.]

**II. Standard of Review**

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law. Judges must be vigilant and independent in reviewing petitions for the writ, a commitment that entails substantial judicial resources." *Harrington v. Richter*, 562 U.S. 86, 91 (2011). "In general, if a convicted state criminal defendant can show a federal habeas court that his conviction rests upon a violation of the Federal Constitution, he may well obtain a writ of habeas corpus that requires a new trial, a new sentence, or release." *Trevino v. Thaler*, 133 S.Ct. 1911, 1917 (2013). The Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). In conducting habeas review pursuant to 28 U.S.C. § 2254, a federal court is limited to deciding whether a claim that was adjudicated on the merits in state court proceedings (1) resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). A determination of a factual issue made by a state court is presumed to be correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

For purposes of § 2254(d)(1), the phrase "clearly established federal law refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). "In other words,

clearly established federal law under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id.* at 72. To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent which he thinks the state courts acted contrary to or unreasonably applied. *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir. 2006).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000)). A state court decision is an unreasonable application of clearly established Supreme Court precedent if it correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case. *Id.* (citing *Williams*, 529 U.S. at 407–408). "A federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Penry*, 532 U.S. at 793. "A state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Evanstad v. Carlson*, 470 F.3d 777, 782 (8th Cir. 2006). A "readiness to attribute error is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). AEDPA's highly deferential standard demands that state court decisions be given the benefit of the doubt. *Id.*

### III. Discussion

#### A. Ground 1: Failure to charge the defendant as a prior and persistent drug offender

First, Walton contends that the State erred in failing to charge him as a prior and persistent drug offender in the indictment, which denied his rights to due process and equal protection of the law, in violation of his state and federal constitutional rights. Respondent contends that this claim is procedurally defaulted and legally meritless.

##### 1. Procedural Default

A prisoner seeking federal habeas relief must first exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1)(A). "Failure to raise a claim on appeal reduces the finality of appellate proceedings, deprives the appellate court of an opportunity to review trial error, and undercuts the State's ability to enforce its procedural rules." *Murray v. Carrier,* 477 U.S. 478, 491 (1986). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). To overcome the default, a defendant must demonstrate either cause and actual prejudice as a result of the alleged violation of federal law, or demonstrate that a failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. 722 at 750.

To show cause for the default, defendant must demonstrate that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. *Murray,* 477 U.S. at 488. For example, a defendant could demonstrate that the factual or legal basis for a claim was not reasonably available to counsel or some interference by officials made

compliance impracticable. *Id* at 488. Because Walton did not raise this claim during his direct appeal proceeding, this claim is procedurally defaulted.

Walton asserts that the procedural default should be excused, because he was denied a copy of the indictment until after his evidentiary hearing and a jurisdictional defect is not subject to the procedural default doctrine. Walton has not submitted any legal authority that these are appropriate grounds to excuse a procedural default. Therefore, Walton's default cannot be excused and this claim is not reviewable by the Court.

### 2. Merits

Even if Walton had not procedurally defaulted this claim, this claim lacks merit. The U.S. Constitution provides defendants a fundamental right to be informed of the nature and cause of the accusation against them and this right is "implemented primarily by charging papers which contain the elements of the offense so as to fairly inform a defendant of the charge against which he must defend." *Goodloe v. Parratt*, 605 F.2d 1041, 1045 (8th Cir. 1979). "Due process requirements may be satisfied if a defendant receives actual notice of the charges against him, even if the indictment or information is deficient." *Hulstine v. Morris*, 819 F.2d 851, 864 (8th Cir. 1987). In this case, Walton's indictment clearly indicates that he is being charged as a prior and persistent drug offender. (Resp't Ex. D at 1-5.) During the trial, the trial court held a hearing and found that Walton was a prior and persistent drug offender. (Resp't Ex. A at 331-338.) Also, at his sentencing, the trial judge again made a finding that Walton was a prior and persistent drug offender. (Resp't Ex. A at 367.) There is no factual support for Walton's claim that his indictment did not charge him as a prior and persistent drug offender. This claim is procedurally defaulted and lacks legal merit. Therefore, the Court will deny relief on ground 1 of Walton's habeas petition.

### B. Ground 2: Ineffective Assistance of Counsel

Second, Walton asserts that he obtained ineffective assistance of counsel because trial counsel failed to file a motion to suppress evidence of the seized drugs. Walton claims he was prejudiced, because the failure to file a motion necessarily allowed unlawfully obtained evidence to be introduced into trial. Walton claims the seizure of evidence was a violation of his Fourth Amendment rights and therefore, trial counsel should have filed a motion to suppress.

"The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "An accused is entitled to be assisted by an attorney, whether retained or appointed who plays the role necessary to ensure that the trial is fair." *Id*. To succeed in a claim "that counsel's assistance was so defective as to require reversal of a conviction," a petitioner must establish (1) that the trial counsel's performance fell below an objective standard of reasonableness and (2) that this deficient performance prejudiced the Petitioner's defense. *Strickland*, 466 U.S. at 687-88.

The "performance" component of *Strickland* requires a showing that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. To satisfy this prong, a petitioner must first identify the specific acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Id.* at 690. The court must then examine the totality of the circumstances in order to determine whether "the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* In making this determination, the court should recognize that trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* "Miscues and omissions are inevitable in any case

7

and there is no such thing as a perfect trial." *Medearis v. U.S.*, 469 F.Supp. 779, 785 (D.S.D. 2006).

To satisfy the "prejudice" component of *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Such "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In determining whether prejudice exists, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id.* at 695. Further, the court "should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge and jury acted according to the law." *Id.* at 694.

It is important to note that "there is no reason for a court deciding an ineffective assistance claim to approach the [two-pronged] inquiry in [a pre-determined] order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. It is unnecessary, therefore, to prove that counsel's performance fell below an objective standard of reasonableness before determining the presence or absence of resulting prejudice.

Walton's trial counsel did not file a motion to suppress the cash, heroin residue on the money, and cocaine base found on Walton. Walton filed a Rule 29.15 post-conviction motion asserting ineffective assistance of counsel on this claim. (Resp't Ex. 13-22.) During the post-conviction evidentiary hearing, trial counsel testified he did not file a motion to suppress because he did not believe there were legal grounds to do so, and he believed filing frivolous motions to be unethical. (Resp't Ex. G at 4-5.) The post-conviction motion court denied Walton's Rule 29.15 motion and the Missouri Court of Appeals affirmed that denial. (Resp't Exs. F at 23-31,

Resp't Ex. J.) The state appeals court held counsel was not ineffective and ruled the choice to not move to suppress the evidence was a matter of "reasonable trial strategy." (Resp't Ex. J at 6.) The state appeals court also held Walton was not prejudiced, because a motion to suppress would have been meritless. (Resp't. Ex. J at 6.)

"Taken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (citing *Cullen v. Pinholster*, 563 U.S. 170) (2011)). "First, under *Strickland*, the state court must make a predictive judgment about the effect of the alleged deficiencies of counsel on the outcome of the trial, focusing on whether it is reasonably likely that the result would have been different absent the errors." *Williams*, 695 F.3d at 831 (citing *Strickland*, 466 U.S. at 696)). "To satisfy Strickland, the likelihood of a different result must be substantial not just conceivable." *Id.* Second, under AEDPA, the Court must give substantial deference to the state court's predictive judgment. *Id.* Therefore, "[s]o long as the state court's decision was not "contrary to" clearly established federal law, the remaining question under the "unreasonable application" clause of § 2254(d) is "whether the state court's determination under the *Strickland* standard is unreasonable, not merely whether it is incorrect." *Id.* at 831 (*citing Harrington v. Richter*, 562 U.S. 86, 101 (2011)). This standard is difficult, and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington*, 562 U.S. at 102.

In this case, the Court finds that state court's findings and conclusions were not contrary to, nor do they involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, nor did they result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings regarding Walton's ineffective assistance of counsel claim. First, the Court

finds that the state courts' determination of whether counsel's performance fell below an objective standard of reasonableness was not contrary to established federal law. Counsel's failure to advance a meritless argument cannot constitute ineffective assistance." *Rodriguez v. U.S.*, 17 F.3d 225, 226 (8th Cir. 1994). The post-conviction motion court credited the testimony of the officers regarding Walton's detention and arrest and Walton has not rebutted the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In its denial of Walton's 29.15 motion, the post-conviction motion court stated that Walton had not alleged a legal and factual basis for a motion to suppress evidence and it was apparent from the evidence at trial and testimony at the evidentiary hearing that such a motion would have been denied. (Ex. F at 31.) Because the post-conviction motion court, which was also the trial court, asserted that any motion to suppress would have been denied, Walton cannot establish prejudice for failure to file the motion. Therefore, the Court will deny relief on ground 2.

## IV. Conclusion

Based on the foregoing, the Court finds that Walton's request for relief pursuant to 28 U.S.C. § 2254 should be denied. Further, because Walton has made no showing of denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson,* 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. [Doc. 1.]

**IT IS FURTHER ORDERED** that a separate judgment will be entered this same date.

**IT IS FURTHER ORDERED** that, for the reasons stated herein, any motion by Darryl J. Walton for a Certificate of Appealability will be **DENIED**.

Dated this 28th day of March, 2016.

                                            /s/ Nannette A. Baker
                                          NANNETTE A. BAKER
                                          UNITED STATES MAGISTRATE JUDGE